**WINSTON HEAT TREATING, INC.,**
Petitioner,

v.

**NATIONAL LABOR RELATIONS
BOARD,** Respondent.

No. 19674.

United States Court of Appeals,
Sixth Circuit.

March 3, 1970.

Frank J. Thermes of Holzfaster, Hoefling & Cecil, Dayton, Ohio, on brief, for petitioner.

Morton Rosenberg, National Labor Relations Board, Washington, D. C., for respondent; Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Nancy M. Sherman, Atty., National Labor Relations Board, Washington, D. C., on the brief.

Before PECK, McCREE and COMBS, Circuit Judges.

PER CURIAM.

In a decision and order reported at 176 NLRB No. 70 the Board found that the petitioner (hereinafter usually "the Company") violated Section 8(a) (3) and (1) of the National Labor Relations Act, as amended, 29 U.S.C. § 151 et seq., (hereinafter "the Act") by discharging an employee shortly after it learned of the Union's * organizational campaign and of the employee's role therein. The Board also found that the Company violated Section 8(a) (1) of the Act by withholding a wage increase from another employee because of the pendency of the Union's election campaign. The petition in this Court seeks a review and vaca-

* International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW.

tion of the Board's order, while its cross-application seeks enforcement. An issue concerning this Court's jurisdiction is suggested in the briefs but will not herein be considered because of the position taken by the parties with reference thereto.

 At best, the evidence as to the circumstances of the discharge is open to question, and whether or not the discharge was motivated by the employee's union activity centers largely on whether the Company has knowledge of his union activities. Our function, of course, is not to weigh the evidence but only to determine whether substantial evidence exists in the record taken as a whole to support the finding of the Board. *See, e. g.,* N. L. R. B. v. Interurban Gas Corp., 317 F.2d 724, 725 (6th Cir. 1963); N. L. R. B. v. Challenge-Cook Bros., 374 F. 2d 147, 152 (6th Cir. 1967). It cannot be said that taken as a whole the record before us does not contain substantial evidence to support the finding of *scienter* of the employee's union activities on the part of the Company, and accordingly to support the conclusion of an unfair labor practice in this regard.

The second charge of an unfair labor practice grew out of the following circumstances. An employee was promoted to the position of shift leadman, a non-supervisory job, a promotion that normally carried with it a 50-cent per hour wage increase. When the employee found that he had not received that increase he inquired about it, and was told by the Company's president that he was afraid to give the raise because he feared that the Union would institute unfair labor practice charges against the Company for giving a raise during an organizational campaign. During an organizational campaign it is not unusual for an employer to be faced with the dilemma of determining whether the granting or denial of a wage increase is more likely to result in an unfair labor charge. Taking into account the total circumstances reflected by the record, including the fact that the Company had earlier been confronted with an unfair labor practices charge by reason of having granted an increase, we conclude that the Board's finding that the refusal to grant this 50-cent per hour increase constituted an unfair labor practice is not supported by substantial evidence.

Enforcement of the order will be denied to the extent herein indicated, and otherwise granted.