**FOTOFAB CORPORATION, a Subsidiary of Fotomat Corporation, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 20418.

United States Court of Appeals, Sixth Circuit.

Feb. 8, 1971.

Charles A. Atwood, Cincinnati, Ohio, for petitioner; John C. Egbert, Cincin-nati, Ohio, on brief; Frost & Jacobs, Cincinnati, Ohio, of counsel.

Seth D. Rosen, Atty., N. L. R. B., Washington, D. C., for respondent; Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Frank H. Itkin, Atty., N. L. R. B., Washington, D. C., on brief.

Before PHILLIPS, Chief Judge, and PECK and BROOKS, Circuit Judges.

PER CURIAM.

This case is before the Court upon the petition of Fotofab Corporation (the Company) to review and set aside an order of the National Labor Relations Board. The Board has filed a cross petition for enforcement. The decision and order of the Board are reported at 181 N.L.R.B. No. 105. Reference is made to the published decision for a complete statement of facts.

The Board found that the Company violated §§ 8(a) (1) and 8(a) (3) of the National Labor Relations Act, 29 U.S.C. §§ 158(a) (1), 158(a) (3), by discharging two employees because of their efforts in behalf of a union organizing campaign. We find that there is substantial evidence on the record considered as a whole to support the findings of the Board. Winston Heat Treating, Inc. v. N.L.R.B., 422 F.2d 844 (6th Cir.); N.L.R.B. v. Lawson Printers, Inc., 408 F.2d 1004 (6th Cir.); N.L.R.B. v. Challenge-Cook Brothers of Ohio, Inc., 374 F.2d 147 (6th Cir.); N.L.R.B. v. Elias Brothers Big Boy, Inc., 325 F.2d 360, 366 (6th Cir.); N.L.R.B. v. Ford, 170 F.2d 735 (6th Cir.).

One of the witnesses who testified before the trial examiner previously had been convicted of burglary and participation in the theft of an automobile. At the hearing before the Board the credibility of this witness was attacked because of his criminal record and also because of his marital status. The trial examiner credited the testimony of the witness because of his demeanor, stating that "His testimony seemed particularly

straight-forward and responsive to the question put to him." The trial examiner also pointed out that this was a disinterested witness, being at the time of his testimony a self-employed freelance artist enjoying considerable success in his field.

In November 1970 this witness was indicted for first degree murder of the victim of an attempted rape. His trial was set for January 18, 1971.

On November 10 the Company filed a motion with the Board requesting that the Board withdraw from the Court the certified list of the record in this case and that the case be held in abeyance pending the adjudication of the criminal charge against this witness. This motion was denied by the Board.

The Company has filed in this Court a motion to hold the case in abeyance pending adjudication of the pending criminal charges against the witness in question. Upon consideration, the motion is overruled.

Enforcement granted.